# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
    Plaintiff
v.

JOAN M. JOHNS
    Defendant

Civil Action No: 11-1144

## ORDER

AND NOW, this 22nd day of Nov, 2011, upon consideration of Plaintiff's motion for default judgment, the accompanying memorandum of law and affidavit, and any opposition thereto, it is hereby

## ORDERED

1. That plaintiff's motion for judgment is granted. Judgment is entered in favor of Plaintiff, United States of America, and against Defendant, JOAN M. JOHNS, in the amount of $38,723.04 plus interest at the rate of $7.57 per day from December 08, 2010 to the date of any Marshal's Sale or other sale of Property.

2. That the promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property located at 717 Armstrong Avenue Apollo, PA 15613 ("Property"). In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C 1701(k); U.S. v. Forest Glen Senior, 278 F.Supp. 343, 343 (Or. 1967)

3. That the Property described therein be sold according to the following:

  (a) The United States Marshal for the Western District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and

of general circulation in the county and judicial district where the Property is situated. To reduce costs and expenses of the sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

    (b)    Ten percent (10%) of the highest sum bid must be deposited by the highest bidder in cashier's check or certified check with the Marshal within one hour of the property being struck down to such bidder. The balance of the purchase price shall be paid in cashier's check or certified check within thirty (30) days after Marshal's Sale Otherwise, the purchaser will forfeit their deposit and the Marshal may settle with a second bidder who has made the required deposit at the Marshal's Sale and thereby registered their willingness to take the property at the highest price bid, provided such second bidder deposits the balance of the purchase price within 10 days after notice from the Marshal of the first bidder's default. If no second bid be registered, the property may be sold again at the risk of the defaulting bidder, and in case of any deficiency in such resale, the defaulting bidder shall make good the same to the person injured thereby and the deposit shall be forfeited and distributed with the other funds created by the sale.

    (c)    Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

    (d)    Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty (30) days after the date of sale.

4.    Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5.    Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6.    A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

_____ J.